UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. KEELER,<br><br>       Plaintiff,<br><br>  vs.<br><br>TREVER KNYPER,<br>       Defendant. | No. 2:16-cv-2094-TLN-CMK<br><br><br>**ORDER** |
| KIMBERLY J. KEELER,<br><br>       Plaintiff,<br><br>  vs.<br><br>WALTER BULLINGTON,<br>       Defendant. | No. 2:16-cv-2186-JAM-CMK |
| KIMBERLY J. KEELER,<br><br>       Plaintiff,<br><br>  vs.<br><br>JOHNATHAN SHELDON,<br>       Defendant. | No. 2:16-cv-2206-MCE-CMK |

/ / /

1

| | |
|---|---|
| KIMBERLY J. KEELER,<br><br>    Plaintiff,<br><br>  vs.<br><br>GARRET MAXWELL,<br>    Defendant. | No. 2:16-cv-2508-TLN-CMK |
| KIMBERLY J. KEELER,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF REDDING, et al.,<br>    Defendant. | No. 2:16-cv-2805-MCE-CMK |
| KIMBERLY J. KEELER,<br><br>    Plaintiff,<br><br>  vs.<br><br>STEPHEN S. CARLTON,<br>    Defendant. | No. 2:16-cv-2810-JAM-CMK |

Plaintiff, who is proceeding pro se, brought these six separate civil actions. On June 14, 2018, the Magistrate Judge ordered the cases consolidated into one case, and dismissed the complaint, giving Plaintiff leave to file an amended complaint. Pending before the Court is Plaintiff's motion for reconsideration of that order. (ECF No. 8.)

The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, Rule 59(e) applies to a motion for reconsideration of a final judgment. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.

The motion before the Court is not a motion for reconsideration of a final judgment, nor is there any clerical mistakes Plaintiff is asking to have corrected. This motion, therefore, falls under Rule 60(b). Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

Plaintiff seeks reconsideration of the magistrate judge order because she does not agree with the order. She also seeks to have the proceedings held in the Sacramento Division of the Eastern District.

Plaintiff does not cite any basis on which to grant her motion. She does not allege any mistake, inadvertence, surprise or excusable neglect. Rather, she simply disagrees with the Magistrate Judge's decision. The Court has reviewed the Magistrate Judge's decision and finds no error. As each of the separate actions involves common questions of law and fact, consolidation into a single action is appropriate. *See* Fed. R. Civ. P. 42(a)(2).

As to Plaintiff's request to have these proceedings heard in the Sacramento Division, Plaintiff is informed that this case is assigned to the Sacramento Division of the Eastern District. The assignment of this action to the Magistrate Judge sitting in Redding was done in accordance with the Local Rules, Appendix A. Plaintiff provides no cause for reassignment. Her contention that Shasta County is corrupt has no bearing on the assignment of this case to a judge of this Court.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED. These cases were properly consolidated, and case number 2:16-cv-2094-TLN-CMK is properly designated as the lead case.

Dated: August 28, 2018

Troy L. Nunley
United States District Judge